Haydee Argentina AGUILAR–
TREMINIO, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–70362.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2007 *.

Filed Jan. 16, 2007.

Tim Everett, Esq., Law Office of Tim Everett, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robbin K. Blaya, Esq., San Francisco, CA, Earle B. Wilson, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL and PAEZ, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

548

MEMORANDUM **

Haydee Argentina Aguilar–Treminio, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

Aguilar–Treminio's application for cancellation of removal was properly deemed abandoned because she did not file the application by the deadline set by the IJ. *See* 8 C.F.R. § 1003.31(c) ("If an application or document is not filed within the time set by the immigration judge, the opportunity to file that application or document shall be deemed waived.")

Aguilar–Treminio's contention that the IJ violated due process by failing to directly question her regarding why her application was not timely filed, by cutting off her testimony after the IJ had rendered her decision, and by not advising her that she may be eligible for voluntary departure pursuant to 8 C.F.R. § 1240.46(b)(1)(B), is unavailing. *Colmenar,* 210 F.3d at 971 (9th Cir.2000) (recognizing that due process claims require showing that proceedings were "so fundamentally unfair that [she] was prevented from reasonably presenting [her] case."). Moreover, Aguilar–Treminio failed to demonstrate prejudice.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*See id.* (requiring prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.